# EXHIBIT "A"

4011653_2

**DANSKY | KATZ | RINGOLD**
8000 SAGEMORE DRIVE
SUITE 8304
MARLTON, NJ 08053
(856) 489-1515
Attorney for Plaintiffs
By:   Karl Friedrichs, Esquire
      Attorney ID No.: 038481996

| | |
|---|---|
| ELSA MARTINEZ, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAMDEN COUNTY CIVIL ACTION |
| Plaintiff, | |
| v. | Docket No.: CAM - |
| NEW JERSEY AQUARIUM, LLC d/b/a ADVENTURE AQUARIUM, JOHN DOES (1-10) and JOHN DOE COMPANY(1-10), i/j/s/a | **COMPLAINT & JURY DEMAND** |
| Defendant(s). | |

Plaintiff, Elsa Martinez, residing at 3130 Fremont Avenue, Camden, New Jersey 08105 by way of Complaint, says:

## THE PARTIES

1.   Defendant, New Jersey Aquarium, LLC d/b/a Adventure Aquarium (hereinafter Adventure Aquarium) is the owner and/or operator of the premises located at 1 Riverside Drive, Camden, New Jersey.

2.   At all times material hereto, the Defendant John Does #1-10 are unknown Defendants who are and/or were the owners of the property located at 1 Riverside Drive, Camden, New Jersey, only to ensure the property was maintained in a reasonably safe condition that would prevent hazards to the public.

3.   At all times material hereto, the Defendant, John Doe Company #1-10, are the names of presently unknown individuals, partnerships, corporations, companies and/or other entities who are liable to the Plaintiff, and who owned, leased, rented, mortgaged, managed,

1

maintained, repaired, kept, inspected, performed and/or otherwise controlled the property located at 1 Riverside Drive, Camden, New Jersey.

## FIRST COUNT

4. On June 14, 2023, Plaintiff, Elsa Martinez, was lawfully on the Defendants' premises known as Adventure Aquarium for a class trip and sitting on a bench in an area that was controlled by Defendants located at 1 Riverside Drive, Camden, New Jersey.

5. At all times material hereto, Plaintiff, Elsa Martinez, was a business invitee at the Adventure Aquarium and was lawfully on said premises. As she was sitting on a bench, having her lunch, the bench collapsed causing her injury. The Defendant, Adventure Aquarium, had a duty and obligation to keep said premises properly maintained.

6. At the time and place aforesaid, the Defendant, Adventure Aquarium, through its agents, servants and/or employees were negligent in the supervisory maintenance, repair and general safekeeping of the benches and allowed and/or permitted to exist certain hazardous and dangerous conditions.

7. As a result of the aforesaid negligence, the Plaintiff, Elsa Martinez, sustained severe personal injuries of both a permanent and temporary nature and has been and will in the future be forced to incur medical expenses in the care and treatment of said injuries and has been and will in the future be unable to continue with her normal course of activities.

**WHEREFORE**, Plaintiff, Elsa Martinez, demands judgment against Defendants, New Jersey Aquarium, LLC d/b/a Adventure Aquarium, John Does (1-10) and John Doe Company (1-10) jointly, severally and/or in the alternative, for all such damages as may be permitted pursuant to the laws of the State of New Jersey, for damages, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

2

## SECOND COUNT

8. Plaintiff repeats and incorporates by reference the facts and allegations contained in the preceding paragraphs 1-7 and makes the same a part hereof as if the same were set forth more fully herein.

9. The Defendants, Adventure Aquarium, John Does (1-10) and/or John Doe Company (1-10) were negligent and careless, in that they failed to:

   a) Inspect the bench located on their premises;

   b) Supervise the use of the bench that was lawfully on their premises;

   c) Warn the Plaintiffs and others lawfully on their premises of the potential danger involved in the use of the bench on their premises;

10. It was at all times foreseeable to Defendants that unsupervised use of the bench located on their property would create an unreasonable risk of harm, especially to Plaintiff Elsa Martinez.

11. As a direct and proximate result of the carelessness and/or negligence of the Defendants as aforesaid, the Plaintiff, Elsa Martinez, was caused to sustain serious and permanent personal injuries; she has been forced to endure a neck and low back injury that required chiropractic therapy, trigger point injections and bilateral medial branch block procedures in her cervical spine and/or seek other medical treatment and care for the injuries she has incurred; she has been caused to suffer painful and permanent physical and psychological injuries; she has in the past and will in the future be caused to incur expenses in order to cure and/or alleviate the injuries from which she has sustained; she has in the past and will in the future be prevented from attending to her lawful and normal affairs, activities and/or occupation; she will be caused in the future to incur a loss of wages and income.

3

**WHEREFORE**, Plaintiff, Elsa Martinez, demands judgment against Defendants, New Jersey Aquarium, LLC d/b/a Adventure Aquarium, John Does (1-10) and John Doe Company (1-10) jointly, severally and/or in the alternative, for all such damages as may be permitted pursuant to the laws of the State of New Jersey, for damages, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

## THIRD COUNT

12. Plaintiff repeats and incorporate by reference the facts and allegations contained in the preceding paragraphs 1-11 and makes the same a part hereof as if the same were set forth more fully herein.

13. Defendants, John Does (1-10) and John Doe Company (1-10) (a fictitious name(s) negligently and improperly failed to warn, supervise, monitor and otherwise ensure the safety of business invitees present on the premises located at 1 Riverside Drive, Camden New Jersey.

14. Defendants, John Does (1-10) and John Doe Company (1-10) (a fictitious name(s), were not and are not, state employees entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

15. As a direct and proximate result of the carelessness and/or negligence of the Defendants as aforesaid, the Plaintiff, Elsa Martinez, was caused to sustain serious and permanent personal injuries; she has been forced to endure chiropractic therapy, trigger point injections and bilateral medial branch block procedures in her cervical spine and/or seek other medical treatment and care for the injuries she has incurred and/or seek medical treatment for the injuries she has incurred; she has in the past and will in the future be caused to incur diverse expenses in order to cure and/or alleviate the injuries from which she has sustained; she has in the past and will in the

4

future be prevented from attending to her lawful and normal affairs, activities and/or occupation; she will be caused in the future to incur a loss of wages and income.

**WHEREFORE**, Plaintiff, Elsa Martinez, demands judgment against Defendants, New Jersey Aquarium, LLC d/b/a Adventure Aquarium, John Does (1-10) and John Doe Company (1-10) jointly, severally and/or in the alternative, for all such damages as may be permitted pursuant to the laws of the State of New Jersey, for damages, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

**DANSKY | KATZ | RINGOLD**
Attorneys for Plaintiffs

By: */s/ Karl Friedrichs*
     Karl Friedrichs

Dated: 3/3/2025

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of right.

**DANSKY | KATZ | RINGOLD**
Attorneys for Plaintiffs

By: */s/ Karl Friedrichs*
     Karl Friedrichs

Dated: 3/3/2025

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, Karl Friedrichs, Esquire, is hereby designated as Trial Counsel in the within matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands answers to Uniform Form C Interrogatories pursuant to the Rules of Court.

## DOCUMENT DEMAND

Plaintiffs hereby demand that Defendants herein each attach:

1. A complete copy of all written records, bills, correspondence, and notes that each Defendant has in its possession regarding Plaintiff.

2. A complete copy of all policies and procedures each Defendant has in its possession, which were in effect at the time of the act or omission, which are the subject of the allegations contained herein.

3. A complete copy of incident reports, quality assurance reports, utilization review reports, or like documents that each Defendant has in its possession pertaining to the care, treatment and medication render to Plaintiff for a complete and true transcription of each.

4. A copy of all documents signed pertaining to Plaintiffs or Decedent regarding services provided and/or performed by each Defendant.

DANSKY | KATZ | RINGOLD<br>
Attorneys for Plaintiffs

By: /s/ *Karl Friedrichs*
Karl Friedrichs

Dated: 3/3/2025

## CERTIFICATION

It is hereby certified that the foregoing matter in controversy is not the subject of any other pending action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that there are no other parties of whom I am aware who should be joined in this action.

DANSKY | KATZ | RINGOLD<br>
Attorneys for Plaintiffs

By: /s/ *Karl Friedrichs*
     Karl Friedrichs

Dated: 3/3/2025

## NOTICE PURSUANT TO RULES 4:17-1, -2 AND -4

**TAKE NOTICE** that upon the service of the Complaint on any and all Defendants, it is deemed to have been simultaneously served with the appropriate Uniform Interrogatories and answers to these Uniform Interrogatories shall be served to the propounding party within 60 days after the Answer to the Complaint has been filed. Plaintiff, Elsa Martinez, hereby demands responsive answers to Form C and Form C1 Interrogatories within the time prescribed by the above-referenced New Jersey Court Rules from all Defendants.

DANSKY | KATZ | RINGOLD<br>
Attorneys for Plaintiffs

By: /s/ *Karl Friedrichs*
     Karl Friedrichs

Dated: 3/3/2025

## NOTICE PURSUANT TO RULES 1:5-1(A) AND 4:17-4(C)

**TAKE NOTICE** that the undersigned attorneys, counsel for Plaintiff, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers, and other materials referred therein, upon the undersigned attorneys, and take notice that this is a continuing demand.

**DANSKY | KATZ | RINGOLD**
Attorneys for Plaintiffs

By: */s/ Karl Friedrichs*
Karl Friedrichs

Dated: 3/3/2025

## NOTICE PURSUANT TO RULE 1:7-1

Pursuant to Rule 1:7-1, the Plaintiff may, at the time of trial, suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis.

8

# EXHIBIT "B"

4011653_2

STATE OF GEORGIA           :
                                            : ss.
COUNTY OF GWINNETT    :

I, <u>STEPHEN EARNEST</u>, being of full age and sound mind, hereby depose and upon my oath aver as follows:

1. I am the Senior Vice President, Chief Legal Officer, and Secretary of both Herschend Family Entertainment Corporation and Herschend Entertainment Company, LLC, and am personally knowledgeable regarding the averments in this Affidavit.

2. New Jersey Aquarium, LLC is an Ohio Limited Liability Company with one Member, that being Herschend Entertainment Company, LLC ("HEC"), a Missouri Limited Liability Company.

3. HEC has one Member, that being Herschend Family Entertainment Corporation ("HFEC"), a Missouri corporation, with its principal place of business at 111 East International Place, Suite 2, Branson, Missouri.

4. HFEC was founded in Missouri and it continues to conduct all significant corporate functions there.

5. HFEC also opened a headquarters in Peachtree Corners, Georgia and it is the only other location at which HEC and/or HFEC conduct any significant corporate business.

6. Neither HEC nor HFEC maintains a principal place of business in New Jersey.

7. In fact, neither HEC nor HFEC has <u>any</u> place of business in New Jersey.

8. HEC and HFEC maintain their corporate offices in Branson, Missouri and Peachtree Corners, Georgia, where they conduct business involving both administrative staff and officers on a day-to-day basis.

9. HEC and HFEC's officers (including both high level and lower level) primarily direct, control, and coordinate the entities' activities, including the vast majority of their day-to-day as well as more significant activities, from their corporate offices in Branson, Missouri and Peachtree Corners, Georgia.

10. Neither HEC nor HFEC conducts <u>any</u> of its corporate activities in the State of New Jersey.

11. Further, HFEC does not regularly conduct business of <u>any</u> kind in New Jersey.

12. HFEC does not own, lease, manage, or operate any property in the State of New Jersey.

I swear the above is true and correct to the best of my knowledge, understanding, and belief.

_____
STEPHEN L. EARNEST

SWORN BEFORE ME THIS
10th DAY OF APRIL 2025

_____
~~NOTARY PUBLIC~~
ATTORNEY AT LAW
STATE OF NEW JERSEY

4011884_3

- 2 -